The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 6, 2023, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 6, 2023**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-11069 |
| | ) | |
| FRANK P. GEISTLE, SR. & | ) | Chapter 7 |
| MAE F. GEISTLE, | ) | |
|     Debtors. | ) | Judge Arthur I. Harris |

ORDER

On October 21, 2022, R.E.I. Elite filed a petition for unclaimed funds on behalf of Patricia Carlucci (Docket No. 44). At issue are $14,503.59 in unclaimed funds that resulted from the chapter 7 trustee's settlement of Frank P. Geistle, Sr.'s prepetition product liability claim (Docket Nos. 29 and 31). According to R.E.I. Elite's petition, both debtors in this case have died: Frank Geistle on August 11, 2021, and Mae F. Geistle on December 19, 2021 (Docket No. 45). Patricia Carlucci is Mae Geistle's sister. On September 24, 2021, Mae Geistle executed a last will and testament giving her entire estate to Patricia Carlucci. On September 27, 2022, Patricia Carlucci assigned her claim to R.E.I. Elite.

This Court has a duty to disburse unclaimed funds to their true owner. *In re Myers*, No. 09-10264, 2015 WL 5025275, at *2 (Bankr. N.D. Ohio Aug. 24, 2015). At this point, it is unclear to the Court whether Patricia Carlucci is entitled to all or any of the unclaimed funds at issue. While 11 U.S.C. § 302(a) permits married individuals like Frank and Mae Geistle to file a joint bankruptcy petition, unless a Court orders consolidation, the joint petition creates two separate bankruptcy estates. Fed. R. Bankr. P. 1015(b). The unclaimed funds in this case resulted from the settlement of Frank Geistle's own product liability claim and—because this Court never ordered consolidation—were apparently paid into Frank Geistle's separate bankruptcy estate. The Court notes that there is an open probate estate for Frank Geistle in the Lake County, Ohio Probate Court (Case No. 22 ES 1099). According to the probate court's public docket, Frank Geistle died without a will and with at least three living next of kin, including a daughter who the probate court has appointed as administrator.

Unclaimed funds are deposited into the U.S. Treasury, and "[a]ny claimant entitled to such money may, on petition to the court and upon notice to the United States Attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. Accordingly, if anyone seeks to recover the unclaimed funds at issue, they must demonstrate to the Court's satisfaction that

they have an interest in the funds. For example, if Patricia Carlucci claims an interest through Mae Geistle's will, the Court would expect proof that Mae Geistle's will has been probated and that Patricia Carlucci is entitled to any money paid into Frank Geistle's separate bankruptcy estate. Petitioner R.E.I. Elite may supplement its request with this information. Any other potential claimant, such as Frank Geistle's surviving next of kin, may submit their own petition seeking the unclaimed funds. Instructions for submitting an unclaimed funds petition are on the Court's website.

Until new or supplemental petitions for unclaimed funds are filed, the unclaimed funds will remain in the U.S. Treasury. To ensure all potential claimants receive notice of this order, the Court directs the clerk to serve a copy of it through the Bankruptcy Noticing Center to the attorney who appears to represent the administrator of Frank Geistle's probate estate:

> Gary L. Pasqualone
> 302 South Broadway
> Geneva, Ohio 44041
> (440) 466-4818
> gary@curryandpasqualone.com

IT IS SO ORDERED.